OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed insofar as appealed from, with costs, and the determination of the State Commissioner of Social Services annulled.
In this case, the Commissioner of Social Services has calculated the income exemption of Medicaid applicants— i.'e., the amount of income which is exempt for Medicaid eligibility purposes — by counting as members of the household individuals other than the spouse, parent or person legally responsible for supporting the applicants. The Appellate Division upheld the commissioner’s determination, *665 reasoning that since the income exemption is determined by-reference to the amount of ADC the Medicaid applicant would receive were he or she an ADC recipient, the household size too should be calculated as if the applicant were a “fictitious” ADC recipient. We disagree.
Although the applicable Federal regulation bases the amount of the income exemption upon ADC maintenance level (42 CFR 448.3 [c] [1]), it does not address the question of household size. Therefore, the regulation cannot be read to authorize the commissioner’s determination. Indeed, Federal and State law expressly provide that only the income and resources of a spouse or a parent may be deemed available to the applicant (42 CFR 435.602; Social Services Law, § 366, subd 2, par [b]). To include an individual as a member of the applicant’s household is to consider that individual’s financial resources as available to the applicant (see Genin v Toia, 47 NY2d 959, 960). Inclusion of any other person as a member of the household is therefore impermissible.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order, insofar as appealed from, reversed, etc.